**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
WILLIAM R. PRAILEAU,

                        Plaintiff,

    - v -                                              Civ. No. 1:12-CV-1261
                                                                      (GTS/RFT)

BRIAN FISCHER, *Commissioner of NYS DOCCS*;
MICHAEL KETTERER, *Parole Officer*; AMY E. BUROK,
*Asst. District Attorney, Schenectady County*; POLLY HOYE,
*County Judge*; KAREN DRAGO, *County Judge, Schenectady
County*; STATE OF NEW YORK,

                        Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

WILLIAM R. PRAILEAU
Plaintiff, *Pro Se*
P.O. Box 4750
Schenectady, New York 13204

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a civil rights Complaint brought by *pro se* Plaintiff William R. Praileau. Praileau has not paid the filing fee and instead seeks permission to proceed with this matter *in forma pauperis* (IFP). Dkt. No. 2, IFP App.

### I. DISCUSSION

#### A. Application to Proceed *In Forma Pauperis*

      After reviewing Plaintiff's IFP Application, we find that he may properly proceed *in forma pauperis*.

#### B. Allegations Contained in the Complaint

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Plaintiff asserts that he brings this action for breach of contract under the Court's jurisdiction to entertain diversity of citizen suits, pursuant to 28 U.S.C. § 1332. In his Complaint, he asserts that, under duress, he entered into a contract with the Defendants; a copy of this document is attached to the Complaint and appears to be a Post Release Supervision Form, dated May 4, 2012, that details the conditions of his post-release supervision. Praileau further claims that the document/contract is defunct or invalid because it stems from an indictment handed down on March 28, 2007, which Praileau claims was improper and against the New York State constitution. Praileau contends that his entire incarceration was therefore unlawful, as is any supervisory or conditional release.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must first examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).

Upon information and belief, Praileau was received into custody of the New York State Department of Corrections and Community Supervision on December 26, 2007, following a conviction in Schenectady County for Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, and Assault in the Second Degree, for which he received a determinate sentence of five years incarceration. *See* DOCCS Inmate Population Information Search, *available at* http://nysdoccslookup.doccs.ny.gov (information for Inmate William Praileau, DIN 07-A-7059) (last visited August 22, 2012). On May 7, 2012, Praileau was conditionally released on parole from Great Meadow Correctional Facility. *Id*. In support of his contention that diversity exists, Praileau states that he is a "corporation and a citizen of the United States" and that the Defendants are "THE STATE OF NEW YORK and public officers/agents thereof, with its principal place of business in Albany, New York." Compl. at ¶ 1(a) & (b). Praileau provides the Court with a post office box address located in Schenectady, New York, which is also the address indicated at the end of his Complaint. According to the Conditions of Release Form issued by the New York State Division of Parole, which was executed on May 4, 2012, and attached

to the Complaint, the approved release address for Mr. Praileau is at the Schenectady City Mission, 425 Hamilton Street, Schenectady, New York 12305.

The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'n , Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (citations omitted). Based on the above, it is clear that all parties reside, for purposes of diversity jurisdiction, in the same state. Because Plaintiff has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated.

Nevertheless, in light of his *pro se* status, we also consider whether Plaintiff can bring this action pursuant to the Court's authority to hear issues arising under the jurisdiction set forth in 28 U.S.C. § 1331. In this respect, we review whether Praileau can bring this action under 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

By his Complaint, Plaintiff attacks the validity of his parole by attacking the validity of the indictment which ultimately brought about his conviction and sentence. Thus, it appears that the issues raised in the Complaint relate to the sentence Plaintiff is currently serving.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

>    invalid by a state tribunal authorized to make such determination, or called into
>    question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
>    A claim for damages bearing that relationship to a conviction or sentence that has not
>    been so invalidated is not cognizable under § 1983.
>
> *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's attacks on both the conditions of his supervised release and on the underlying indictment are barred under § 1983 because he has fails to show that this conviction or sentence has been overturned. *See Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction had not been overturned).  Unless, and until, the conviction is challenged and adjudicated in Plaintiff's favor, Plaintiff's claims are barred under *Heck* and we would recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as the claim lacks an arguable basis in law.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that Plaintiff's cause of action for breach of contract and attack on the validity of his parole conditions and indictment should be dismissed for lack of subject matter jurisdiction; and it is further

**RECOMMENDED**, in the alternative, that pursuant to the Court's review under 28 U.S.C. § 1915, to the extent Plaintiff is bringing a civil rights action challenging his parole conditions and indictment, such claim should be **dismissed** as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on

Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, & 6(a).

Date:   August 23, 2012
        Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge