UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM R. PRAILEAU,

                Plaintiff,

v.

BRIAN FISCHER, Comm'r, NY DOCCS;
MICHAEL KETTERER, Parole Officer, Div. of Parole;
AMY E. BUROCK, Assist. D.A.., Schenectady Cnty.;
POLLY HOYE, Schenectady Cnty. Court Judge;
KAREN DRAGO, Schenectady Cnty. Court Judge;
NEW YORK STATE; and SCHENECTADY CNTY.,

                Defendants.
_____

1:12-CV-1261
(GTS/RFT)

APPEARANCES:                                              OF COUNSEL:

WILLIAM R. PRAILEAU
  Plaintiff, *Pro Se*
P.O. Box 4750
Schenectady, NY 13204

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this civil action filed *pro se* by William R. Praileau ("Plaintiff") against the six above-captioned state and municipal employees and entities ("Defendants"), are (1) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Plaintiff's Complaint be dismissed, (2) Plaintiff's Objections to the Report-Recommendation, and (3) Plaintiff's Amended Complaint. (Dkt. Nos. 3, 5, 6.) For the reasons set forth below, Magistrate Judge Treece's Report-Recommendation is accepted and adopted, and Plaintiff's Amended Complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 12(b)(1).

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Complaint**

Generally, in his original Complaint, Plaintiff asserts a claim for breach-of-contract against Defendants, under the Court's jurisdiction to entertain diversity-of-citizenship suits (pursuant to 28 U.S.C. § 1332), arising from his entry (under duress) into a May 2012 agreement regarding his conditions of his post-release supervision, which is defunct or invalid because it stems from a March 2007 indictment that was improper. (*See generally* Dkt. No. 1.)

   B.   **Magistrate Judge Treece's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Treece recommends that Plaintiff's Complaint be dismissed for each of the following two alternative reasons: (1) Plaintiff has not met his burden of showing that diversity-of-citizenship jurisdiction exists under 28 U.S.C. § 1332, because Defendants are residents of New York State, and both Plaintiff's mailing address and his approved release address are in Schenectady, New York; (2) in any event, no federal-question jurisdiction exists under 28 U.S.C. § 1331, because the only conceivable claim that he could have (consistent with the factual allegations of his Complaint) would arise under 42 U.S.C. § 1983, but is barred by the fact that he has failed to show that this conviction or sentence has been overturned, as required by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (*See generally* Dkt. No. 3.)

   C.   **Plaintiff's Objections**

Generally, in his Objections, Plaintiff asserts the following six arguments: (1) his Complaint cannot be dismissed because it was never properly filed by the Clerk of the Court in accordance with by Fed. R. Civ. P. 3; (2) his Complaint cannot be dismissed because the Court has "corrupt[ed]" his name, given that the nominal plaintiff in this action–"William R. Praileau"

is "an artificial person" or "corporation," while that plaintiff's "authorized representative" or "attorney in fact–"William R. Praileau©"–is "a natural person" of "flesh and blood"; (3) his Complaint cannot be dismissed because, by designating him as "pro se" in this action, the Court has denied his right to effective assistance of counsel; (4) his Complaint cannot be dismissed because he never consented Magistrate Judge Treece's participation in this proceeding; (5) Magistrate Judge Treece's finding regarding Plaintiff's underlying sentence in this action is improper because it was based, in part, on information found on the internet at http://nysdoccslookup.doccs.ny.gov; and (6) Magistrate Judge Treece's Report-Recommendation is moot, given that Plaintiff is filing an Amended Complaint. (*See generally* Dkt. No. 5.)

### D. Plaintiff's Amended Complaint

Three days after filing his Objections to Magistrate Judge Treece's Report-Recommendation, Plaintiff filed an Amended Complaint in this action. (Dkt. No. 6.) Four days after that, Plaintiff filed exhibits to his Amended Complaint. (Dkt. No. 7.)

Construed with the utmost of special liberality, Plaintiff's Complaint and exhibits continues to assert claims against Defendants arising from his entry (under duress) into a May 2012 agreement regarding his conditions of his post-release supervision, which is defunct or invalid because it stems from a March 2007 indictment that was improper. (Dkt. Nos. 6, 7.) The only real differences between Plaintiff's original Complaint and his Amended Complaint are as follows: (1) in addition to asserting a breach-of-contract claim against Defendants, Plaintiff's Amended Complaint asserts five other claims (specifically, conversion, unjust enrichment, estoppel, false imprisonment, and fraud); (2) in addition to invoking the Court's diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332, Plaintiff invokes the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and "28 U.S.C. § 1692e(1)(4)"; (3) Plaintiff lengthens

3

his pleading, inserting an introductory paragraph, "Venue" section, a "Parties" section, and a "Brief History of the Case" section; and (4) Plaintiff expands on his theory that, pursuant to the Uniform Commercial Code, the nominal plaintiff in this action–"William R. Praileau™" (a/k/a "William Robert Best")–is "a corporation distinct from [his] authorized representative" –"William R. Praileau©"–who "does NOT reside within the *federal* United States." (*Id.* [emphasis in original].)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

4

first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

5

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C).

### B. Circumstances Under Which Report-Recommendation Challenging Pleading Sufficiency of Complaint Is Not Mooted by Filing of Amended Complaint

Granted, Fed. R. Civ. P. 15 gives a plaintiff an absolute right to file an amended

complaint under the circumstances presented in this case Fed. R. Civ. P. 15(a)(1). Furthermore,

the filing of an amended Complaint supersedes a plaintiff's original complaint in all respects.

N.D.N.Y. L.R. 7.1(a)(4); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d

Cir.1977); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994). As a result,

"[t]ypically, the filing of an amended complaint following the filing of a motion to dismiss the

initial complaint moots the motion to dismiss." *Johnson v. Brown*, 11-CV-0188, 2011 WL

4565923, at *2 (N.D.N.Y. Sept. 29, 2011) (Homer, M.J.) (internal quotation marks and citations

omitted).

However, the filing of an amended complaint does not moot a pending report-

recommendation that identifies pleading defects in the original complaint when those defects

remain in the that amended complaint. As this Court has previously explained,

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

> to the extent that Plaintiff's Amended Complaint corrects the pleading deficiencies identified in the Report-Recommendation, the Report-Recommendation has been rendered moot. However, to the extent that Plaintiff's Amended Complaint does not correct the pleading deficiencies identified in the Report-Recommendation, the Report-Recommendation is still applicable.

*Gasaway v. Williams*, 11-CV-0549, at \*4 (N.D.N.Y. Jan. 30, 2012) (Suddaby, J.). This is especially the case where the plaintiff has, in addition to filing an amended complaint, filed objections to the report-recommendation. *See L.C. 1 v. Delaware*, 07-CV-0675, 2009 WL 3806335, at \*1 (D. Del. Nov. 13, 2009) ("On Plaintiffs' view, if their Objections to the R & R are sustained, Plaintiffs get to proceed on their Complaint; if their Objections are overruled, they get to proceed on their Amended Complaint–even if it suffers from the same problems as the original Complaint-and require the defendants, the magistrate judge, and the district court judge to begin anew with assessing the sufficiency of the Amended Complaint.").

A contrary interpretation of Fed. R. Civ. P. 15 would conflict with Fed. R. Civ. P. 1, which requires that the Federal Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1; *accord, L.C. 1*, 2009 WL 3806335, at \*1 (rejecting same mootness argument on same ground).

In addition, such a contrary interpretation would be inconsistent with Fed. R. Civ. P. 72, which provides a process by which a party may object to a ruling of a magistrate judge and obtain review by a district court judge. Fed. R. Civ. P. 72(b); *see also L.C. 1* 2009 WL 3806335, at \*1, n.1 ("[N]othing about Rule 15(a) (or any other Rule) permits Plaintiffs to require the Court to evaluate the sufficiency of their original Complaint (on review of Objections to an R & R recommending the dismissal of such Complaint) and, thereafter, upon receiving a Court

7

determination that the Complaint is deficient, tell the Court its evaluation was inconsequential because the original Complaint had been replaced by an Amended Complaint at the time of the Court's review.").

Finally, such a contrary interpretation would frustrate the purpose of the Magistrates Act. *Cf. Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

### C. Authority to *Sua Sponte* Review *Pro Se* Pleadings

In any event, regardless of whether a *pro se* plaintiff's amended complaint has mooted a magistrate judge's report-recommendation challenging the pleading sufficiency of the *pro se* plaintiff's original complaint, a district court retains the authority–and indeed the duty–to *sua sponte* review the pleading sufficiency of that amended complaint.

This is because, as correctly noted by Magistrate Judge Treece in his Report-Recommendation, Section 1915 directs, in pertinent in part, that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, Fed. R. Civ. P. 12 directs, in pertinent part, that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

D. **Standard Governing Dismissal for Lack of Subject-Matter Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when deciding whether to dismiss a claim for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. When a court decides whether to dismiss a claim for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113). However, the plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).

E. **Standard Governing Dismissal for Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to

9

relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[6] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[7] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28

---

[6] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[7] *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[citations omitted].[8]

## III. ANALYSIS

The Court begins by finding that Magistrate Judge Treece's Report-Recommendation has not been mooted by the filing of Plaintiff's Amended Complaint, because the Amended Complaint repeats the two pleading defects identified in the original Complaint. *See, supra,* Parts I.A., I.B., I.D. and II.B. of this Decision and Order. Moreover, the Court finds that, despite filing numerous Objections, Plaintiff has failed to specifically object to either of Magistrate Judge Treece's findings regarding those two pleading defects. *See, supra,* Parts I.B. and I.C. of this Decision and Order. As a result, the Court need review the Report-Recommendation for only clear-error review. *See, supra,* Part II.A. of this Decision and Order.

After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Treece's Report-Recommendation is correct in all respects. (Dkt. No. 3.) Magistrate Judge Treece employed the proper standards, accurately construed Plaintiff's claim and allegations, and reasonably applied the law to that claim and those allegations. (*Id.*) Indeed, Magistrate Judge Treece's thorough Report-Recommendation would survive even *de novo*

---

[8] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

review. As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

Of course, this does not end the Court's analysis, because, as described above in Part I.D. of this Decision and Order, Plaintiff's Amended Complaint expands somewhat on his original Complaint. As explained above in Part I.C. of this Decision and Order, the Court is able to *sua sponte* review the new claims and factual allegations contained in Plaintiff's Amended Complaint, under 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3). The Court will now do so.

With regard to Plaintiff's new claims of conversion, unjust enrichment, estoppel, false imprisonment, and fraud, each of those state law claims is subject to the same lack-of-diversity-jurisdiction challenge leveled by Magistrate Judge Treece. Furthermore, to the extent those claims could be construed as constitutional violations under 42 U.S.C. § 1983, they are subject to the same *Heck v. Humphrey* challenge leveled by Magistrate Judge Treece.

With regard to Plaintiff's attempt to invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and "28 U.S.C. § 1692e(1)(4)"–presumably meaning 15 U.S.C. § 1692e(1),(4)–that attempt fails because he has failed to allege facts plausibly suggesting that a violation of 15 U.S.C. § 1692e(1),(4) occurred. Those two subsections prohibit a "debt collector" from "false[ly] represent[ing] or impl[ying] that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof," and "represent[ing] or impl[ying] that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(1),(4).

With regard to Plaintiff's identity theory of liability (i.e., that he is entitled to relief because his name with a trademark symbol refers to a corporation while his name with a copyright symbol refers to him as an individual), that theory is so irrational as to be frivolous. Indeed, the Court notes that similar such theories have previously been so recognized. *See, e.g., People v. Parenteau*, 09-CV-0681, 2009 WL 2256924, at *3-4 (N.D.N.Y. filed July 28, 2009) (Suddaby, J.) (rejecting as frivolous defendant's argument that the State of New York had no authority to charge him with criminal personation because his name "Ed Parenteau" is a "fraud[]" and/or "fiction[]," his true name being "ed-george"); *Henderson v. Clover Field*, 08-CV-0504, Order (N.D.N.Y. Aug. 27, 2008) (Lowe, M.J.) (rejecting for filing documents submitted by *pro se* plaintiff, named Shawndell Lamar Henderson, who had annotated Court's Orders by writing word "VOID" on them and asserting that his name "Shawn Henderson" was a "straw man").

Finally, the Court's conclusions that Plaintiff's Amended Complaint must be dismissed are also supported by (1) the doctrine of sovereign immunity under the Eleventh Amendment, (2) the doctrine of absolute immunity under 42 U.S.C. § 1983, (3) the doctrine of qualified immunity under 42 U.S.C. § 1983, (4) limitations on municipal liability pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978), and (5) Plaintiff's failure to allege facts plausibly suggesting that the amount in controversy exceeds the jurisdictional amount of $75,000 pursuant to 28 U.S.C. § 1332.

For all of these numerous reasons, Plaintiff's Amended Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 3) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is *sua sponte* **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 12(b)(1).

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: March 7, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge